Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS APC
603 Rose Avenue
Venice, CA 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUNI CHOVET, an individual, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTIE'S, INC., a New York Corporation, d/b/a "Christie's Jewelry"; and DOES 1 through 10, <br><br> Defendants. | Case No. <br><br> **PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT** <br><br> <u>Jury Trial Demanded</u> |

Plaintiff Auni Chovet, through counsel, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

# PARTIES

4. Plaintiff AUNI CHOVET ("CHOVET") is a professional musician residing in Los Angeles, California who promotes her music by, *inter alia*, including certain of her songs to Instagram and Facebook's "Music Library".

5. Plaintiff is informed and believes and thereon alleges that Defendant CHRISTIE'S INC ("CHRISTIE'S") d/b/a CHRISTIE'S JEWELRY is a New York corporation with its primary place of business located at 99 Washington Avenue, Suite 1008, Albany, NY, 12203, and is the owner of the website at https://www.instagram.com/christiesjewels/. CHRISTIE's maintains a gallery space in this judicial district at 336 North Camden Drive, Beverly Hills, CA 90210.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of

all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO THE INFRINGEMENT

8. CHOVET created and owns the copyright in an original song entitled "Twinkling Lights", which was registered with the United States Copyright Office on December 26, 2021, under Registration Number SR 916-350.

9. CHOVET created and owns the copyright in a derivative of "Twinkling Lights" entitled "Twinkling Lights (Reimagined)", which was registered with the United States Copyright Office on November 28, 2023, under Registration Number SR 982-376. ("Twinkling Lights" and "Twinkling Lights (Reimagined)" are hereinafter collectively referred to as "the Song").

10. CHOVET, through her distributor, distributed "Twinkling Lights" and "Twinkling Lights Reimagined" to the public through the Instagram Music Library. Artists like CHOVET add their music to the Instagram Music Library to get exposure for those songs, often in the hopes of generating paid licenses for their commercial uses.

11. At the time of the infringement, Meta's Terms of Service made clear that only personal non-commercial uses of songs in the music library were authorized for Instagram users, with commercial uses needing to secure appropriate permission from the artists. See, e.g., Music Guidelines (https://www.facebook.com/legal/music_guidelines?paipv=0&eav=AfaZA2WtCcKp2KfLfp8hWESYKqRAEZviFiPm1riw7BUTnHlJz7gIHHWmPRl-VHsyA5k&_rdr) ("Use of music for commercial or non-personal purposes in particular is prohibited unless you have obtained appropriate licenses."), and Music on Instagram | Instagram Help Center (https://help.instagram.com/402084904469945/) ("our agreements with rights holders are intended to enable personal, non-commercial uses of music.")

12. The Song proved to be extremely popular, with "Twinkling Lights (Reimagined)" alone being used in 1.6 million Instagram reels.

13. Following her publication of the Song in Instagram's Music Library, CHRISTIE'S, Doe Defendants, and each of them used the Song without authorization in commercial posts, including at https://www.instagram.com/christiesjewels/.

14. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not otherwise have realized but for their infringement of the Song. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of the song in an amount to be established at trial.

16. Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone acting in concert with Defendants and/or their agents, be enjoined from copying, displaying, publishing, reproducing, transmitting, distributing, creating derivative works of, and/or otherwise using the Plaintiff's songs "Twinkling Lights" and "Twinkling Lights Reimagined";

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of

trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: March 18, 2024

DONIGER / BURROUGHS

By:    */s/ Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
*Attorneys for Plaintiff*